IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JACOB KRUEGER and PATRICIA KRUEGER, Individually and as the Parents and next friends of AA, BB, and CC, <br><br> Plaintiffs, <br><br> vs. <br><br> CHANNING PETRAK, OSF ST FRANCIS MEDICAL CENTER, JENNIFER INNESS, in her individual capacity, ALISA COLLINS, in her individual capacity, KIMBERLY TAYLOR, in her individual capacity, LEANDRA TATE, in her individual capacity, RAELYN GALASSI, in her individual capacity, AUSTIN HADDOCK, in his individual capacity, ANITA PARKER, in her individual capacity, ANGELIQUE MAXWELL, in her individual capacity, LINDSAY HORCHARIK, in her individual capacity, and KIMBERLY WILSON, in her individual capacity, <br><br> Defendants. | Case No.: 22 CV 1016-JBM-JEH |

**DR. CHANNING PETRAK'S REPLY IN SUPPORT OF HER MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNTS XI, XII, XIII, AND XXIV OF PLAINTIFFS' AMENDED COMPLAINT**

NOW COMES Defendant CHANNING PETRAK, MD, by her attorneys, John P. Heil, Jr. and Ashley E. Broadstone of HEYL, ROYSTER, VOELKER & ALLEN, P.C., and for her Reply in Support of her Motion for Partial Summary Judgment on Counts XI, XII, XIII, and XXIV of the Amended Complaint (Doc. 105) pursuant to Federal Rule 56 and Local Rule 7.1(D), states as follows:

## I.   REPLY TO ADDITIONAL MATERIAL FACTS

Plaintiffs raised no additional material facts. Therefore, Dr. Petrak offers no response.

## II.   EXHIBITS

Attached hereto and incorporated by reference herein is a true and accurate copy of the following additional exhibit:

6.   Deposition Transcript of Channing Petrak, MD taken July 10, 2024

## III.   ARGUMENT

### A.   Dr. Petrak's Motion for Partial Summary Judgment is not procedurally defective as it is properly supported by material in the record and timely.

Plaintiffs first ineffectively label Dr. Petrak's Motion as "procedurally defective" in three ways, the final of which is incomprehensible. Response at 3-4. None of these arguments explain or otherwise remedy Plaintiffs' failure to comply with the Illinois Healing Art Malpractice statute, 735 ILCS 5/2-622.

Plaintiffs initially attack the admissibility of four of the five exhibits attached to the Motion. Resp. at 3. Each is a redacted medical record supporting Undisputed Material Facts. Undisputed Material Facts 3-5; Docs. 105-1 through 105-4. Each is appropriately included as an exhibit and referenced in the Motion. The Federal Rule of Civil Procedure allow a party to support the assertion that a fact is not genuinely disputed by "**citing to particular parts of materials in the record**, including depositions, **documents**, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or **other materials**." Fed. R. Civ. P. 56(c)(1)(A) (emphasis added); *Employers Preferred Ins. Co. v. C&K Hotel Grp., LLC*, No. 15-cv-1500, 2017 WL 4076094, * 1 (C.D. Ill. Sept. 14, 2017). The Rules provide wide latitude for what types of evidence can be used to support a summary judgment motion.

To the extent Plaintiffs are asserting a foundational deficiency, their argument remains undeveloped. Plaintiffs make no effort to question the accuracy or reliability of the records,

concerns which form the basis of a foundational requirement. Perfunctory or undeveloped arguments in this circuit are waived. *Estate of Moreland v. Dieter*, 395 F.3d 747, 759 (7th Cir. 2005). Plaintiffs' brief mention of "inappropriate attachments" is not a developed legal argument warranting the striking of Exhibits 1-4 or the denial of Dr. Petrak's Motion.

To the extent Plaintiffs are implying a hearsay objection, the exhibits are not hearsay because they are not offered for the truth of the matters asserted within them. Rather, the medical records are merely offered to illustrate the scope of Dr. Petrak's inquiry leading to her conclusion that the child identified in the caption of this case as "BB" was subjected to medical child abuse. The medical knowledge and skill required for this determination was far beyond the ken of the ordinary juror, thus demonstrating the applicability of section 2-622 compliance.

Even if we give Plaintiffs the benefit of the doubt, it does not change the outcome here. Plaintiffs affirmatively state that Exhibits 1 and 2 are "undisputed." Resp. at 2. The only immaterial "dispute," according to Plaintiffs, has to do with Dr. Petrak's reports and diagnosis as referenced in Exhibits 3 and 4. *Id.* Ignoring Exhibits 3 and 4 does not void the analysis raised in Dr. Petrak's Motion as to why section 2-622 compliance is required, nor does it undermine Dr. Petrak's deposition testimony. Thus, Plaintiffs' brief foundational argument is immaterial.

Plaintiffs next argue, without support, that Dr. Petrak's Motion is somehow "untimely." Resp. at 3. This makes no sense. A motion for summary judgment may be filed at any time until 30 days after the close of all discovery, unless specified differently local rule or by the court. Fed. R. Civ. P. 56(b). Here, the Court identified October 1, 2025 as the parties' dispositive motion deadline. Doc. 61. Moreover, Dr. Petrak clearly delineated her intent to file a Motion for Summary Judgment on this precise issue in Footnote 1 of her Motion to Dismiss Counts XII, XIII, and XXVII of Plaintiffs' Amended Complaint. Doc. 79. There is simply no basis to support Plaintiff's

argument that Dr. Petrak's Motion for Partial Summary Judgment is untimely.

Plaintiffs' Response further states that Dr. Petrak cannot establish bad faith and/or that Dr. Petrak's "attacks" relate back to the original complaint. Is this an argument suggesting that Dr. Petrak's Motion for Partial Summary Judgment is procedurally defective? We find this impossible to discern. As such, Dr. Petrak is unable to respond and asks this Court to ignore the statements since they are indecipherable and unsupported by authority.

> **B.    Plaintiffs' argument that Dr. Petrak's Motion for Partial Summary Judgment is substantively defective is conclusory and must fail.**

Plaintiffs' primary argument is that the claims against Dr. Petrak are within the general experience of laypersons because "the expectation of honesty and mutual understanding are basic components of all agreements, including those between patient and physician, and well within the grasp of every patient and ordinary lay juror." Resp. at 6. Plaintiffs attempt to support their position with *Cohen v. Smith*, 269 Ill. App. 3d 1087 (5th Dist. 1995). *Cohen* addressed a battery claim, but made no reference to allegations of negligence, informed consent, or false imprisonment. More importantly, *Cohen* involved a medical practitioner's explicit knowledge that there was no patient consent. It is thus factually inapposite to the case before this Court.

In *Cohen*, the plaintiff was admitted to the hospital to deliver a baby. *Cohen*, 269 Ill. App. 3d at 1091. The plaintiff had moral and religious views mandated she not be seen or touched by a male while unclothed. *Id.* The defendant was a male member of the operating team that performed a cesarean section on the plaintiff and was allegedly aware, as was the hospital, of her views. *Id.* at 1091-92. Nevertheless, the defendant allegedly placed himself in a position to view and touch the plaintiff's unclothed body and did so during the procedure. *Id.* at 1092. In finding section 2-622 compliance unnecessary, the court stated:

> the plaintiffs in the instant case are not alleging that the cesarean section . . . violated any medical standard or was performed incorrectly or that any attendant procedure

4

> was improper because of any deviation from any appropriate medical standard. The plaintiffs' claim is in no way based upon medical malpractice. [The patient plaintiff] alleges instead that [the defendant] knowingly violated her privacy interests and religious standards and beliefs by touching her without her consent. *Id.* at 1092-93.

Here, there are no allegations, or evidence, that Dr. Petrak knowingly acted in violation of Plaintiffs' expressed consent. Rather, Plaintiffs only allege that Dr. Petrak had a duty to obtain consent and that, alternatively, consent was obtained under false pretenses. Doc. 75, Am. Complaint ¶¶ 204, 207. Plaintiffs now argue in their Response that "Plaintiffs allege offensive touching by an individual who was not a treater, but instead acting for the state as an investigator, and under a false and incomplete disclosure of the nature of her role." Resp. at 7. Plaintiffs fail to specify how these allegations implicate the holding in *Cohen*. Nevertheless, Dr. Petrak's role was much different than what the Plaintiffs make it out to be.

Dr. Petrak was recently deposed and testified that she does not consider herself an investigator; she performs a medical evaluation. Exhibit 6 at 86. She gets a medical history, performs an exam, and provides a medical opinion. *Id.* Once she is contacted for a consultation, she becomes part of the child's care team or treatment team. Ex. 6 at 84. Moreover, Dr. Petrak testified that medical child abuse is a complicated medical diagnosis that requires a very intensive process, including a granular look at the medical care provided or sought and the histories reported, and is typically reserved for child abuse pediatricians or people within their team with particular skill and/or special training. Ex. 6 at 68-70. In this case, Dr. Petrak concluded that both adult Plaintiffs subjected BB to medical child abuse because they provided discrepant medical histories, fabricated symptoms, and interfered with medical care—all of which led to medical care and interventions that were unnecessary or dangerous and put BB at a serious risk of harm. Ex. 6 at 99.

Dr. Petrak's role is clearly that of a specialized physician. Her determinations require medical judgment made in the context of the discrete areas of child abuse and neglect. At trial, the

jury, in order to assess Plaintiffs' allegation that Dr. Petrak obtained consent through false and/or incomplete disclosures of her role, must first understand the standard of care applicable to such disclosures. None of this is within the grasp of an ordinary lay juror. Plaintiffs must be required to comply with section 2-622 as it relates to their claim for battery.

Plaintiffs next argue that Dr. Petrak's role is comparable to that of a police officer and, therefore, the allegations of false imprisonment do not require Section 2-622 compliance. This characterization is unsupported by any legal or factual basis. Further, it is in stark contrast to Dr. Petrak's testimony as detailed above. Thus, Dr. Petrak stands by her arguments contained in her Motion.

Plaintiffs' position on negligence is, respectfully, laughable. Plaintiffs' allegations in their Amended Complaint explicitly state that Dr. Petrak had a duty to act as a reasonably well-qualified and careful physician and that she failed to possess and apply the knowledge, skill, and care used by a reasonably careful physician. Doc. 75, ¶¶ 183-84, 187-88. This is medical negligence, no question. Plaintiffs' now claim that Section 2-622 is inapplicable because this is "gross negligence" but (1) gross negligence is not what was pled and (2) Plaintiff's implication of gross negligence is unsupported and totally conclusory. Plaintiffs want this Court, and future jurors, to jump to conclusions as to whether Dr. Petrak's actions, or omissions, constitute negligence or gross negligence. Either way, it cannot be permitted.

Finally, Plaintiffs completely forego any comment on whether their claim of informed consent requires section 2-622 compliance. As such, Dr. Petrak maintains that compliance is necessary, and that Plaintiff has waived any response to the contrary.

### IV.    CONCLUSION

Dr. Petrak is a child abuse pediatrician who was consulted on the topic of medical child

abuse, a complicated medical diagnosis. Plaintiffs' claims for negligence, informed consent, battery, and false imprisonment all require an inquiry into Dr. Petrak's medical judgment as it relates to her diagnosis of medical child abuse. Therefore, Plaintiffs' claims in Counts XI, XII, XIII, and XXIV each require knowledge beyond the grasp of a lay person, necessitating expert testimony and section 2-622 compliance.

WHEREFORE, for all of the above and foregoing reasons, Defendant CHANNING PETRAK, M.D. respectfully prays that the Court enter summary judgment in her favor as to Counts XI, XII, XIII, and XXIV, and that it grant such further relief as it deems appropriate.

CHANNING PETRAK, M.D.

By: /s/ Ashley E. Broadstone
HEYL, ROYSTER, VOELKER & ALLEN, P.C.
John P. Heil, Jr. #6237286
Ashley E. Broadstone #6343040

HEYL, ROYSTER, VOELKER & ALLEN, P.C.
PO Box 6199
300 Hamilton Boulevard
Peoria, IL 61602
Telephone: 309.676.0400
Facsimile 309.420.0402
peoecf@heylroyster.com
jheil@heylroyster.com; kconnors@heylroyster.com
abroadstone@heylroyster.com; lberry@heylroyster.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2024, I caused the foregoing Motion for Summary Judgment to be filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Aaron W. Rapier
Rapier Law Firm
1770 Park Street, Suite 200
Naperville, IL 60563
arapier@rapierlawfirm.com
*Attorney for Plaintiffs*

Julie Ann Murphy
James Ormond
Hart McLaughlin & Eldridge
One South Dearborn, Suite 1400
Chicago, IL 60603
jmurphy@hmelegal.com
jormond@hmelegal.com
*Attorney for Plaintiffs*

Lisa A. Cook
Peter Quigley
Assistant Attorneys General
Office of the Illinois Attorney General
500 S. Second Street
Springfield, IL 62701
     - and -
115 S. LaSalle Street
Chicago, IL 60603
lisa.cook@ilag.gov
peter.quigley@ilag.gov
*Attorneys for Illinois DCFS Defendants*

Ambrose V. McCall
Fernando Silva
Hinshaw & Culbertson LLP
416 Main Street, 6th Floor
Peoria, IL 61602
     - and -
151 N. Franklin Street, Suite 2500
Chicago, IL 60606
amccall@hinshawlaw.com
fsilva@hinshawlaw.com
*Attorneys for OSF Healthcare System*


/s/ Ashley E. Broadstone

8