# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| JACOB KRUEGER and PATRICIA KRUEGER, *individually and as the parents and next friends of AA, BB, and CC,* ) ) ) ) ) | |
| Plaintiffs, ) ) | Case No. 1:22-cv-01016-MMM-RLH |
| v. ) ) | |
| CHANNING PETRAK; OSF ST. FRANCIS MEDICAL CENTER; JENNIFER INNESS, *in her individual capacity*; ALISA COLLINS, *in her individual capacity*; KIMBERLY TAYLOR, *in her individual capacity*; LEANDRA TATE, *in her individual capacity*; RAELYN GALASSI, *in her individual capacity*; AUSTIN HADDOCK, *in his individual capacity*; ANITA PARKER, *in her individual capacity*; ANGELIQUE MAXWELL, *in her individual capacity*; LINDSAY HORCHARIK, *in her individual capacity*; and KIMBERLY WILSON, *in her individual capacity,* ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. ) | |

## **ORDER**

Now before the Court are Plaintiffs Jacob and Patricia Krueger's (doc. 159) Motion for Sanctions, (doc. 187) Motion for Sanctions, and Supplemental (doc. 237) Motion for Sanctions; Defendant Channing Petrak's (doc. 235) Motion to Compel Discovery, (doc. 239) Motion for Clarification, and (doc. 243) Motion for Leave to File a Reply. These motions are fully briefed and for the following reasons: Plaintiffs and

DCFS Defendants are to file a joint status report regarding (doc. 159) Motion for Sanctions; Defendant's (doc. 239) Motion for Clarification is GRANTED to the extent that the Court reaffirms its September 11, 2024, ruling. Defendant's (doc. 235) Motion to Compel Discovery and (doc. 243) Motion for Leave to File a Reply are DENIED; and St. Francis Medical Center ("OSF") Defendants is ORDERED to certify under penalty of perjury the following, *infra*, regarding (doc. 187) Motion for Sanctions, and Supplemental (doc. 237) Motion for Sanctions.

## BACKGROUND

The Court incorporates by reference Judge Joe B. McDade's full and thorough discussion of the relevant procedural history and the facts underlying this action in Judge McDade's previous (doc. 209) Order and Opinion and does not repeat itself here. Following Judge McDade's January 31, 2025, (doc. 209) Order and Opinion, this Court held a status conference on May 29, 2025, and ordered the parties to supplement their briefings and instructed the parties to confer and file a proposed amended discovery plan seven days from the entry of the (doc. 187) Motion for Sanctions. (Minute Entry dated May 29, 2025). The Court will now address the outstanding motions in turn.

## DISCUSSION

A.  *DCFS Defendants*

The first Motion against the DCFS Defendants asks this Court to hold each defendant in contempt and place a 4,500-to-9,000-dollar daily fine upon them for their failure to produce certain emails and screenshots. (Doc. 159 at 2–3, 5). Plaintiffs inform the Court that the DCFS Defendants have failed to produce "two categories of

documents ordered." (Doc. 159 at 2). In response, the DCFS Defendants demonstrate that they intended to comply with the order and produce the emails and screenshots, but have been in frequent contact with opposing counsel regarding their difficulties in doing so. (Doc. 164).

Additionally, Judge Jonathan E. Hawley granted an extension to the DCFS Defendants to comply with the Order by November 21, 2024. (See Minute Entry dated November 7, 2024). Plaintiffs have not withdrawn their Motion to Compel Discovery Sanctions or informed the Court as to whether the DCFS Defendants completed the production.

On May 29, 2025, the parties informed the Court during its status conference that they would confer and were directed to update the Court on the progress of the documents mentioned in the (doc. 159) Motion. As such, the Plaintiffs and the DCFS Defendants are ordered to file a joint status report updating the Court on the progress of this issue within fourteen days of the entry of this Order.

B.   *Sibling and third-party records are not discoverable*

Next, the Court grants Defendant Dr. Petrak's (doc. 239) Motion for Clarification to the extent that the Court reaffirms the ruling of then Magistrate Judge Hawley.[1] Specifically, Defendant Petrak seeks clarification regarding "(1) minor plaintiff AA's medical records; and (2) records of financial support to the plaintiffs by Antioch [Christian] Church in Decatur, Illinois." (Doc. 239 at 1). On September 11, 2024, at a Status Conference, Judge Hawley directed the parties to

---

[1] Since the pendency of this action Judge Hawley has been appointed to District Judge.

3

strictly adhere to the relevance standard. *See* Fed. R. Civ. P. 26(b)(1). Adhering to that standard, Judge Hawley ruled that AA's medical records are not relevant. (Minute Entry dated September 11, 2024). The issue in this case, Judge Hawley espoused, is Dr. Petrak's knowledge on March 29, 2019, at the time she examined BB before he could be discharged. (Doc. 75 at 15–16); (Minute Entry dated September 11, 2024). That is, the only thing that matters here is the information that Dr. Petrak had at the time she made the determination that BB was a victim of medical child abuse.

Federal Rule of Civil Procedure 26 provides for broad and extensive pretrial discovery: information "need not be admissible in evidence in order to be discoverable." Fed. R. Civ. P. 26(b)(1). Moreover, relevancy "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389, 57 L. Ed. 2d 253 (1978). Absent citations to legal authority, Defendant Petrak maintains that this Court should reconsider Judge Hawley's September 11, 2024, finding "that AA's medical records were not relevant to the claims and allegations concerning BB . . . ." (Doc. 236 at 8). The Court declines to do so. Notably, Defendant testified that she had "no knowledge of any child in the family other than [BB]." (Doc. 241 at 4) (quoting Doc. 238-8 at 30). Again, the issue here is the information that Dr. Petrak had at the time she made the determination that BB was a victim of medical child abuse. While Defendant argues that "without access to these materials, [she] is unfairly hampered

4

in her ability to respond to the claims against her and to present a full and accurate picture to the jury" (doc. 236 at 15); this argument obfuscates the relevancy of the siblings' records, as Dr. Petrak did not use this information at the time she made her determination that BB was a victim of medical child abuse. By the same reasoning, the Court finds that records of financial support to Plaintiffs by Antioch Christian Church in Decatur, Illinois, are similarly not relevant to the claims and allegations concerning BB. Moreover, Defendant Dr. Petrak does not attempt to develop an argument regarding Antioch Christian Church in her briefings.

As such, information regarding BB's sibling's mental health and medical records, and records of financial support to the plaintiffs by Antioch Christian Church, is not relevant. Therefore, documents concerning BB's sibling's mental health, and medical records and records of financial support to Plaintiffs by Antioch Christian Church are not discoverable.

Accordingly, Defendant's (doc. 239) Motion for Clarification is GRANTED to the extent that the Court reaffirms its September 11, 2024, ruling. To the extent that any subpoena has been issued to compel information regarding BB's sibling's mental health and medical records, and records of financial support to the plaintiffs by Antioch Christian Church, they must be withdrawn and are unenforceable. Defendant's (doc. 235) Motion to Compel Discovery and (doc. 243) Motion for Leave to File a Reply are DENIED.

C.   *Defendant OSF's electronically stored information*

Turning next to the motion directed against Defendant St. Francis Medical Center ("OSF"), Plaintiffs argue that OSF has failed to preserve electronically stored

5

information ("ESI"), and that sanctions are an appropriate measure to address this misconduct. (Docs. 187, 237). In filing this Motion, Plaintiffs ask this Court to order an inspection of BB's medical records from OSF, permit Plaintiffs to supplement any prior disclosures or discovery responses with information obtained from that inspection and schedule a case management conference to address how OSF's failure to preserve ESI has impacted past, ongoing, and future discovery in this case, and what additional sanctions should be ordered. (Doc. 187 at 6).

As of January 6, 2025, "OSF has produced over 16,000 pages of medical records, audit trails, and other documents[,] including EPIC training materials to Plaintiffs." (Doc. 202 at 3). Still, pointing to four admissions made by OSF's corporate representatives, Plaintiffs protest that an inspection of OSF's ESI and medical records is warranted. (Doc. 237 at 1–2). The Court takes this issue very seriously and is troubled by what appears to be discrepancies.

Federal Rule of Civil Procedure 37 provides that a party may file a motion for an order compelling disclosure or discovery. *See* Fed. R. Civ. P. 37(a). The party moving for such order "*must* include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1) (emphasis added). This means that Plaintiffs should actually contact the lawyers for Defendants and discuss with them (either orally or in writing) any outstanding issue relating to discovery. This must happen before any motion to compel is filed. And

6

Plaintiffs are required to certify to the Court that they have, in good faith, conferred with the Defendants.

In this case, it appears that Plaintiffs did not submit a written certification asserting that Plaintiffs in good faith conferred or attempted to confer with OSF Defendants. Plaintiffs may have assumed they had complied with the certification requirement by having done so with regard to the original motion, and may have also believed that they did not need to confer because this Court ordered Plaintiffs to supplemental briefing on the motion. (Minute entry dated May 29, 2025). However, as it stands, the Court cannot find that Plaintiffs complied with Rule 37(a)(1). As such, the Court will not rule on the (doc. 187) Motion for Sanctions and Supplemental (doc. 237) Motion for Sanctions at this time.

Nevertheless, within fourteen days of the entry of this Order, OSF Defendants are ordered to certify under penalty of perjury the following in writing: OSF Defendants must certify to the Court and opposing counsel that it that it conducted a search related to the ESI at issue, including BB's full medical record (i.e., deleted data, notes, sticky notes, audit trails, metadata, etc.). OSF Defendants may provide a narrative of the nature of the search, confirming that it has reviewed the versions of medical records produced in response to Plaintiffs' requests in 2019 and 2022, and: (1) identify whether there are differences between the versions produced; and (2) provide an explanation for any such differences, including whether the differences are the result of deletions, updates, or redactions. Further, if Defendant OSF identifies that relevant records have been deleted, Defendant is to provide details

7

including the nature of the records and the circumstances of deletion. Additionally, OSF is to recover those deleted items that can be feasibly recovered and identify the steps taken, or will be taken, to retrieve such data and whether and/or when it has been produced. If no deletions are identified, under the penalty of perjury, provide the steps taken to reasonably verify that no deletions occurred.

Defendant OSF is to affirm that it has produced all responsive records located as a result of the efforts described above. Finally, Defendant OSF is to certify that all relevant systems and data sources have been preserved during the pendency of this litigation and affirm its intent to continue cooperating with further discovery directives as ordered by the Court. Failure to certify the aforementioned may result in sanctions and the granting of Plaintiffs' (doc. 187) Motion for Sanctions and Supplemental (doc. 237) Motion.

## Conclusion

IT IS THEREFORE ORDERED that Plaintiffs and the DCFS Defendants are ORDERED to file a joint status report updating the Court on their progress regarding (doc. 159) Motion for Sanctions within 14 days of the entry of this Order. Defendant's (doc. 239) Motion for Clarification is GRANTED to the extent that the Court reaffirms its September 11, 2024, ruling. To the extent that any subpoena has been issued to compel information regarding BB's sibling's mental health and medical records, and records of financial support to the plaintiffs by Antioch Christian Church, they must be withdrawn and are unenforceable. Defendant's (doc. 235) Motion to Compel Discovery and (doc. 243) Motion for Leave to File a Reply are DENIED. OSF

8

Defendants are ORDERED to certify under penalty of perjury the following, *supra*, regarding (doc. 187) Motion for Sanctions, and Supplemental (doc. 237) Motion for Sanctions within 14 days of the entry of this Order.

SO ORDERED.

Entered this 7th day of July 2025.

s/ Ronald L. Hanna
Ronald L. Hanna
United States Magistrate Judge
