# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| JACOB KRUEGER and PATRICIA KRUEGER, *individually and as the parents and next friends of AA, BB, and CC,* <br><br> Plaintiffs, <br><br> v. <br><br> CHANNING PETRAK; OSF ST. FRANCIS MEDICAL CENTER; JENNIFER INNESS, *in her individual capacity*; ALISA COLLINS, *in her individual capacity*; KIMBERLY TAYLOR, *in her individual capacity*; LEANDRA TATE, *in her individual capacity*; RAELYN GALASSI, *in her individual capacity*; AUSTIN HADDOCK, *in his individual capacity*; ANITA PARKER, *in her individual capacity*; ANGELIQUE MAXWELL, *in her individual capacity*; LINDSAY HORCHARIK, *in her individual capacity*; and KIMBERLY WILSON, *in her individual capacity,* <br><br> Defendants. | Case No. 1:22-cv-01016-MMM-RLH |

## **ORDER**

Now before the Court are Plaintiffs Jacob and Patricia Krueger's (doc. 159) Motion for Sanctions, (doc. 187) Motion for Sanctions, and Supplemental (doc. 237) Motion for Sanctions. These motions are fully briefed and for the following reasons, Plaintiffs' (doc. 159) Motion for Sanctions is DENIED; and Plaintiffs' (doc. 187)

Motion for Sanctions and Supplemental (doc. 237) Motion for Sanctions is DENIED WITHOUT PREJUDICE.

## DISCUSSION

A.   *Plaintiffs' Motion to Sanction DCFS Defendants*

Plaintiffs moved for sanctions because "[t]he DCFS Defendants did not produce the notes or emails by the Court ordered deadline." (Doc. 250 at 2). Specifically, Plaintiffs submitted their "Motion for Contempt, seeking civil contempt sanctions due to the failure of Defendants . . . to comply with this Court's Order dated September 10, 2024, directing those defendants . . . to produce to Plaintiffs emails outside the SACWIS system and screen shots of the SACWIS system Defendant Collins accessed during her deposition." (Doc. 159 at 3).

On July 7, 2025, the Court ordered Plaintiffs and the DCFS Defendants to file a joint status report updating the Court on the progression of (doc. 159) Motion for Sanctions. (Doc. 246 at 3). On July 21, 2025, Plaintiffs and the DCFS Defendants complied to the Court's July 7, 2025, Order and represent that "the DCFS Defendants produced additional notes and emails (approximately 3,000 pages) via Serv-U-File Share," and DCFS produced "the balance of the emails and their attachments." (Doc. 250 at 3). Moreover, "[o]n July 21, 2025, counsel for DCFS Defendants provided Plaintiffs with a Certificate of Compliance signed by Defendant . . . regarding the emails disclosed on to Plaintiffs on July 1, 2025." (Doc. 250 at 3).

Because DCFS Defendants produced notes and emails that Plaintiffs sought in their (doc. 159) Motion for Sanctions, and the "parties wish to resolve the issue

2

without ruling on the Motion for Sanctions" (doc. 250 at 2), the (doc. 159) Motion for Sanctions is DENIED.

To the extent that the parties differ on remaining issues of discovery, the Court reminds the parties that "just because counsel in this case insist that there are 50 or 60 stones to be looked under, does not mean they get to look under every one of them." *Dale v. Deutsche Telekom AG*, No. 22 C 3189, 2024 WL 4416761, at *2 (N.D. Ill. Oct. 4, 2024). That is, Defendants must produce responsive unprivileged documents that are in their possession, custody, or control. Fed. R. Civ. P. 34(a)(1). But the requesting party does not get to dictate the means by which discovery is produced. Nor may a party use pending motions as leverage to look under every stone.

Accordingly, the (doc. 159) Motion for Sanctions is DENIED.

B.  *Plaintiffs' Motion to Sanction OSF Defendants*

Turning next to the (docs. 187, 237) motions directed against Defendant St. Francis Medical Center ("OSF"); on July 7, 2025, the Court ordered OSF Defendant to certify under penalty of perjury numerous items regarding (doc. 187) Motion for Sanctions, and Supplemental (doc. 237) Motion for Sanctions. (Doc. 250 at 5–8).

On August 4, 2025, OSF Defendant provided three declarations made pursuant to 28 U.S.C. § 1746, in which OSF Defendant (1) stated that it had made a contemporaneous supplemental document production to counsel of record—including OSF documents Bates-labeled OSF 016479 through OSF 016573, as detailed in a separately filed notice of service—and (2) affirmed its good-faith intent to continue cooperating with further discovery directives as ordered by the Court. (Doc. 255 at 1–2). To that end, the Court finds that OSF Defendant's (doc. 255) Declarations

3

Provided in Response to Court's July 7, 2025, Order is sufficient, and sanctions are not warranted at this juncture.

Accordingly, Plaintiffs' (doc. 187) Motion for Sanctions and Supplemental (doc. 237) Motion for Sanctions is DENIED WITHOUT PREJUDICE.

## CONCLUSION

IT IS THEREFORE ORDERED that Plaintiffs' (doc. 159) Motion for Sanctions is DENIED. The Court finds that OSF Defendant's (doc. 255) Declarations is sufficient, in that sanctions is not warranted, therefore, Plaintiffs' (doc. 187) Motion for Sanctions and Supplemental (doc. 237) and Motion for Sanctions is DENIED WITHOUT PREJUDICE.

SO ORDERED.

Entered this 2nd day of September 2025.

                                                    s/ Ronald L. Hanna
                                                    Ronald L. Hanna
                                      United States Magistrate Judge