# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| JACOB KRUEGER and PATRICIA KRUEGER, individually and as the parents and next friends of AA, BB, and CC,<br><br>*Plaintiff*,<br><br>v.<br><br>CHANNING PETRAK, OSF ST. FRANCIS MEDICAL CENTER, JENNIFER INNESS, ALISA COLLINS, KIMBERLY TAYLOR, LEANDRA TATE, RAELYN GALASSI, AUSTIN HADDOCK, ANITA PARKER, ANGELIQUE MAXWELL, LINDSAY HORCHARIK, and KIMBERLY WILSON,<br><br>*Defendants*. | Case No. 1:22-cv-01016-MMM-RLH |

## ORDER & OPINION

Before the Court is Defendant Channing Petrak's ("Petrak") Motion for Leave to File an Additional Affirmative Defense, (Doc. 266), which Plaintiffs Jacob and Patricia Krueger ("Plaintiffs") oppose, (Doc. 268). For the reasons explained below, Petrak's Motion is GRANTED.

## BACKGROUND

The Court assumes familiarity with the facts of this case, which are set forth in the Court's January 31, 2025 Order and Opinion. (*See* Doc. 209 at 2–8.) In short, this is a § 1983 suit filed by two parents on behalf of themselves and their children. (Doc. 209 at 2.) It arises out of a lengthy investigation conducted by the Illinois

Department of Children and Family services that terminated in the removal of Plaintiffs' three minor children from their home. (Doc. 209 at 6.) The defendants are eleven individuals (and an entity) who participated in the investigation in various roles. (Doc. 75 at 5–9.) According to the amended complaint, the defendants' removal of Plaintiffs' children violated state and federal law. (Doc. 209 at 3.)

The relevant procedural history is as follows. Plaintiffs filed this suit in January 2022, (Doc. 1), and several rounds of motion practice ensued. Plaintiffs amended their complaint two years later, (Doc. 75), and several more rounds of motion practice ensued. In early 2025, the Court dismissed various causes of action against various defendants. (*See* Doc. 209 at 58.) A status conference was held in May 2025, and the case is now in discovery. The Court's most recent scheduling order established the following deadlines: fact discovery is set to close on December 31, 2025; all discovery closes on August 21, 2026; and dispositive motions are to be filed by September 25, 2026. (Text Order Dated Oct. 7, 2025.)

One of the twelve defendants—Petrak—now moves to amend her answer to include an affirmative defense under 34 U.S.C. § 20342. Broadly stated, that statute immunizes from civil liability individuals who, in good faith, report child abuse.

## LEGAL STANDARD

The Federal Rules of Civil Procedure reflect a "liberal amendment policy." *Runnion ex rel. Runnion v. Girl Scouts*, 786 F.3d 510, 521 (7th Cir. 2015). To that end, Rule 15(a)(2) instructs courts to freely grant parties leave to amend their pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts should therefore allow an amendment unless the party requesting it (1) has engaged in undue delay,

2

(2) makes the request in bad faith, or (3) has repeatedly failed to cure deficiencies with prior amendments. *See id.* An amendment is also unwarranted when (4) the opposing party would suffer undue prejudice, or (5) it would be futile. *See id.*

## DISCUSSION

Plaintiffs urge the Court to deny Petrak's motion for two reasons: (1) it is untimely, and (2) allowing it would be prejudicial. On both counts, the Court disagrees. Although the amendment is untimely under the Court's current scheduling order, the Court finds good cause to permit the late filing. And because there is ample time before the close of discovery and the dispositive motion deadline, Petrak's amendment will not prejudice Plaintiffs.

### I.   Timeliness of Petrak's Amendment

Plaintiffs first challenge Petrak's amendment on the ground that the deadline to amend pleadings has elapsed. For their part, Plaintiffs are correct to say that the parties' deadline to amend their pleadings was January 31, 2024. They also correctly emphasize that, while other discovery deadlines in the case have been extended numerous times, the deadline to amend has not been. (*See, e.g.*, Text Order Dated Oct. 17, 2024 (extending discovery deadlines but not the amended pleading deadline); Text Order Dated Oct. 7, 2025 (same).) It follows that Petrak's request comes after the operative deadline to amend and must therefore be justified by good cause. *See* Fed. R. Civ. P 16(b)(4).

Plaintiffs' observation that the scheduling order in this case does not permit an amendment is well taken. Indeed, the purpose of a scheduling order is to, among other things, "expedit[e] the disposition of the action," "discourag[e] wasteful pretrial

3

activities," and "improv[e] the quality of the trial." Fed. R. Civ. P. 16(a)(1), (3), (4). It is thus crucial that litigants make every attempt to adhere to the scheduling order and promptly inform the court when it appears they will be unable to do so. By the same token, however, the Federal Rules of Civil Procedure are designed to facilitate the resolution of cases "on the merits and not on technical procedural problems." *Graham v. Gendex Med. X-Ray, Inc.*, 176 F.R.D. 288, 291 (N.D. Ill. 1997) (allowing a Rule 15 amendment despite counsel's failure to obtain leave). Courts therefore have broad discretion to amend scheduling orders "for good cause." Fed. R. Civ. P. 16(b)(4).

For two reasons, the Court finds good cause to allow Petrak's late filing. First, the procedural history of this case is anything but straightforward. The Complaint alleges twenty-eight counts against twelve defendants. The parties have undergone multiple rounds of pre-discovery motion practice, and several discovery disputes have arisen since then. Of course, the complexity of the litigation does not provide cart blanche to ignore deadlines. But the sheer number of moving parts suggests that Petrak's failure to extend the amendment deadline was more likely than not an excusable oversight.

Second, and more importantly, the Seventh Circuit has explained that district courts may "exercise [their] discretion to allow a late affirmative defense if the plaintiff does not suffer prejudice from the delay." *Burton v. Ghosh*, 961 F.3d 960, 965 (7th Cir. 2020). As *Burton* and other cases make clear, the focus of the Rule 15 analysis is how an amendment would affect the opposing party—not whether it

4

follows the Court's discovery schedule. As discussed below, Petrak's amendment will not prejudice Plaintiffs, so the Court will exercise its discretion to allow it.

## II. Prejudice to Plaintiffs

Plaintiffs argue that Petrak's amendment is prejudicial. This argument is based on § 20342(c)'s fee-shifting provision: Because Plaintiffs have been litigating this case on the assumption that they would not be responsible for Petrak's costs, the argument goes, allowing a fee-shifting provision into the case at this stage would be prejudicial.

The Seventh Circuit has described prejudice in this context as "some unfairness independent of the potential merits of the defense." *Burton*, 961 F.3d at 966. So, for example, an untimely affirmative defense causes prejudice when "first raised at summary judgment," *id.* (citing *Reed v. Columbia St. Mary's Hospital*, 915 F.3d 473, 482 (7th Cir. 2019); or where the party "tr[ies] to raise new theories or claims for the first time in opposing summary judgment." *Reed*, 915 F.3d at 479. Ultimately, the question is whether the opposing party will be able to gather evidence and formulate a case strategy in light of the amendment.

Here, Plaintiffs will. As Petrak correctly observes, fact discovery in this case closes on December 31, 2025, so Plaintiffs will have ample opportunity to discover information relevant to Petrak's defense. In addition, Petrak's federal immunity defense closely mirrors a state-law defense that already appears in Petrak's answer to Plaintiff's' amended complaint. *Compare* 34 U.S.C. § 20342(a)–(b), *with* 325 ILCS 5/5. All of the discovery that has been conducted into Petrak's state-law defense will

5

therefore be relevant to the merits of Petrak's federal defense. To the extent Plaintiffs require additional discovery, they have time to obtain it. And because dispositive motions are due in September 2026, Plaintiffs have ample time to contest the defense on the merits. *See Graham*, 176 F.R.D. at 291.

As to attorneys' fees, Plaintiffs correctly observe that 34 U.S.C. § 20342 contains a fee shifting provision. It states: "If the defendant prevails in a Federal civil action [involving the reporting of child abuse], the court *may* award costs and reasonable attorney's fees incurred by the defendant." *Id.* § 20342(c) (emphasis added). Only eight cases cite § 20342, and none of them interpret the scope of a court's discretion under the fee-shifting provision. That said, there is an abundance of authority on similar federal statutes, like Title VII of the Civil Rights Act. *See* 42 U.S.C. § 2000e-5(k) (providing that the "court, in its discretion *may allow* the prevailing party . . . a reasonable attorney's fee" (emphasis added)). And in the Seventh Circuit, a district court's fee determination in Title VII cases is reviewed under a "highly deferential abuse of discretion standard." *Estate of Borst v. O'Brien*, 979 F.2d 511, 514 (7th Cir. 1992). Plaintiffs' argument thus amounts to an objection that *if* Petrak ultimately prevails, and *if* the Court exercises its discretion to award fees, the amendment would, in hindsight, be unfair. That is too speculative to defeat a Rule 15 motion.

Finally, Plaintiffs make an alternative request: If Petrak's amendment is allowed, "any prayer for attorney's fees should be stricken from the pleading." (Doc. 268 at 2.) This request is premature. Before Petrak is entitled to move for fees, as

discussed, she must prevail in the action. *See* 34 U.S.C. § 20342(c). And even then, the Court will have discretion to determine a reasonable fee amount based on the circumstances of the case. *See id.* It would therefore be inappropriate to decide the question now. Plaintiffs may oppose Petrak's fee request at the appropriate time.

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant Channing Petrak's Motion for Leave to File an Additional Affirmative Defense, (Doc. 266), is GRANTED. Petrak shall file an amended answer that includes the proposed affirmative defense within fourteen days of the date of this Order.

*So ordered.*

Entered this 30th day of October 2025 .

s/ Ronald L. Hanna
Ronald L. Hanna
United States Magistrate Judge
