E-FILED
Tuesday, 03 March, 2026  02:31:58 PM
Clerk, U.S. District Court, ILCD

.IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| JACOB KRUEGER and PATRICIA KRUEGER, individually and as the parents and next friends of AA, BB, and CC, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | |
| CHANNING PETRAK; OSF ST. FRANCIS MEDICAL CENTER; JENNIFER INNESS, in her individual capacity; ALISA COLLINS, in her individual capacity; KIMBERLY TAYLOR, in her individual capacity; LEANDRA TATE, in her individual capacity; RAELYN GALASSI, in her individual capacity; AUSTIN HADDOCK, in his individual capacity; ANITA PARKER, in her individual capacity; ANGELIQUE MAXWELL, in her individual capacity; LINDSAY HORCHARIK, in her individual capacity; and KIMBERLY WILSON, in her individual capacity, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 1:22-cv-01016-MMM-RLH |
| Defendants. | ) ) | |

**DEFENDANT OSF'S RESPONSE TO PLAINTIFFS' MOTION FOR SPECIAL PRETRIAL CONFERENCE AND TO EXPEDITE TRIAL [ECF #290]**

Defendant OSF Healthcare System, d/b/a OSF St. Francis Medical Center, ("OSF"), through its undersigned counsel, responds as follows to the portion of Plaintiffs' motion that seeks an expedited trial:

### I. Governing Law

Plaintiffs lack any federal statutory claims against OSF. Plaintiffs have not pled any claims against OSF under the U.S. Constitution. Therefore, 28 U.S.C. §1657(a) does not apply to the part of Plaintiffs' motion that seeks an expedited trial against OSF. The applicable good cause standard for Plaintiffs' motion that seeks a new trial date against OSF is codified in Federal Rule of Civil Procedure 16(b)(4)("A schedule may be modified only for good cause and with the judge's consent."); and Civil LR 16.2(D)("The parties and their counsel are bound by the dates specified in the scheduling order absent a finding of due diligence and good cause for changing said dates.").

1048558\328365201.v1

OSF cites case law in their argument that highlights several key harms to its interests that would occur if Plaintiffs receive an expedited trial date. Such harms would prejudice OSF's ability to conduct fact and expert witness discovery, prepare dispositive motions on Plaintiffs' remaining claims against OSF, conduct meaningful motion in limine practice before trial, and prepare for trial.

**II.    Argument**

OSF first contends that Plaintiffs have failed to provide the Court with sufficient evidence to support their request for an expedited trial date. The physician's letter Plaintiffs filed with the Court does not provide guidance on when Plaintiff Patricia Krueger will achieve a level of recovery that would support her involvement in legal proceedings including testifying at trial. Moreover, the content of the letter seems to indicate that Plaintiff Patricia Krueger is unable to be participate in legal proceedings now and for the next ten or more months due to her intense treatment regimen. (ECF #290-1, 02/16/2026 letter). The physician's letter also does not explain how Plaintiff Patricia Krueger, while undergoing the intense treatment regimen, would be able to meaningfully participate at a trial that is set sooner than the presently scheduled trial date of January 4, 2027. (10/07/2025 Docket Text Order). The data provided by the cited letter falls short of providing grounds needed for expediting the trial date. *Ragusa v. La. Ins. Guar. Ass'n,* 2022 U.S. Dist. LEXIS 39493, **12-13, 2022 WL 1112812 (E.D. La. March 7, 2022)(J. Barbier)(denying motion to expedite trial filed by Plaintiff suffering from terminal mesothelioma); *McAllister v. McDermott, Inc.,* 2018 U.S. Dist. LEXIS 245632, **9-12 & n. 6, 2018 WL 11402097 (M.D. La. July 31, 2018)(J. Dick)(denying motion to expedite trial filed by Plaintiff diagnosed with mesothelioma and with reported rapidly declining health); *O'Connor v. Boeing North Am., Inc.,* 2004 U.S. Dist. LEXIS 31338, **23-25 (C.D. Cal. June 7, 2004)(J. Tevrizian)("While the Court sympathizes with the illness of Plaintiffs at issue and understands the anxiety they face, this Court

has the duty to balance *all* interests – those of Defendants and of this Court, in not only effectively and efficiently managing this case but all other cases before it.").

Additional grounds support denying Plaintiffs' request for an expedited trial date. In their motion, Plaintiffs list four areas where they claim to have not completed their fact discovery. Plaintiffs refer to thousands of pages of documents that the DCFS Defendants produced in February 2026, two fact witnesses whom they still seek to depose, Dr. Helparin with Carle Clinic and Carrie Watt, and their ongoing discussions with OSF about its production of ESI. (ECF #290 at ¶6, pp. 2-3). Plaintiffs have twice jointly moved to extend fact discovery, first to January 16, 2026, and then to February 16, 2026. (12/18/2025 Docket Text Order; 01/20/2026 Docket Text Order). If Plaintiffs maintain that they have not concluded their fact discovery, they have shown why expediting the trial date would disadvantage each party's preparations for trial. Moreover, nowhere do Plaintiffs address how changing the discovery and trial schedule would impact the Defendants.

This case is complex and involves multiple claims against OSF. On January 31, 2025, the Court partially granted and partially denied OSF's Motion for Summary Judgment. (ECF #209, at pp. 27-38, 46-55 & 58). The Court dismissed Plaintiffs' claims against OSF that alleged negligence, informed consent, battery, false imprisonment, institutional medical malpractice, and certain claims that relied on allegations that Dr. Petrak was an actual agent of OSF. The remaining claims Plaintiffs proceed with against OSF include those seeking declaratory relief, injunctive relief, and those seeking damages including claims alleging intentional infliction of emotional distress, malicious prosecution, fraudulent concealment/misrepresentation, and where applicable, certain claims that rely on allegations that Dr. Petrak is an apparent agent of OSF. (ECF #75, Plaintiffs' Amended Complaint, Counts VII, VIII, X, XXV, and XXVII; ECF #77, OSF's Answer and Affirmative Defenses to Plaintiffs' Amended Complaint, Counts VII, VIII, X, XXV, and XXVII). The noted complexity of Plaintiffs' claims against OSF are part of Plaintiffs' multi-week

trial against all the Defendants, all of which weighs against granting Plaintiffs' motion for an expedited trial. *United States v. Ubanwa,* 2019 U.S. Dist. LEXIS 150313, \**5-6, 2019 WL 4187633 (N.D. Ind. Sept. 4, 2019)(J. Springmann)(denying criminal defendant's motion for expedited trial date based on complexity of case).

OSF respectfully contends that the core of Plaintiffs' claims related discovery against OSF has changed or shifted during the past year since the Court's January 31, 2025 rulings. As a result, it is reasonable to expect that such changes may likely impact what expert witnesses and opinions Plaintiffs may disclose with written reports against OSF pursuant to Federal Rule of Civil Procedure 26(a)(2)(B). Under these changed circumstances, shortening the time for expert witness opinion discovery would prejudice OSF's ability to prepare for deposing Plaintiffs' Rule 26(a)(2)(B) witnesses and adversely impact OSF's ability to disclose its own expert witnesses on the same, related, and other matters addressed or raised by Plaintiffs' Rule 26(a)(2)(B) expert opinion witnesses.

An expedited trial would also prejudice the ability of OSF to move the Court to evaluate the admissibility of Plaintiffs' disclosed expert opinion witnesses through meaningful pretrial motion in limine practice. The present record and circumstances do not support Plaintiffs' request for an expedited trial because granting such a request would prejudice the ability of OSF to conduct its remaining discovery, fully conduct dispositive and trial motion practice, and prepare for trial. *Ragusa v. La. Ins. Guar. Ass'n,* 2022 U.S. Dist. LEXIS 39493, \**12-13, 2022 WL 1112812 (E.D. La. March 7, 2022)(J. Barbier)("Although the Court is not without compassion for the Plaintiff, the Court must consider that an expedited trial setting would prejudice the Defendants by denying them sufficient time for discovery and preparation."); *McAllister v. McDermott, Inc.,* 2018 U.S. Dist. LEXIS 245632, \**9-12, 2018 WL 11402097 (M.D. La. July 31, 2018)(J. Dick)("Further, the Court finds that it would not be in the interests of justice to force the Defendants to an expedited trial without adequate time for discovery and preparation."); *O'Connor v. Boeing North Am., Inc.,*

4

2004 U.S. Dist. LEXIS 31338, **23-25 (C.D. Cal. June 7, 2004)(J. Tevrizian)(noting that motion to expedite trial would produce unduly short times spans for motion practice, expert discovery, and summary judgment motion practice before trial).  The record before the Court and the cited law show why Plaintiffs' request for an expedited trial should be denied.

### III.    Conclusion

OSF respectfully asks the Court to deny the portion of Plaintiffs' Motion for Special Pretrial Conference and to Expedite Trial (ECF #290) that requests an expedited trial date for the reasons discussed above and those found applicable by the Court.  OSF also asks the Court for any other relief at law and which the Court finds equitable and just to award OSF.

WHEREFORE, OSF HEALTHCARE SYSTEM d/b/a OSF ST. FRANCIS MEDICAL CENTER respectfully requests that the Court enter an Order that denies Plaintiffs' request for an expedited trial date, that disposes of the remaining portions of Plaintiffs' motion in a manner that is fair and equitable to OSF Healthcare System d/b/a OSF St. Francis Medical Center, and for any other relief at law and which the Court finds equitable and just to award OSF.

Dated:  March 3, 2026

OSF HEALTHCARE SYSTEM d/b/a
OSF ST. FRANCIS MEDICAL CENTER,
Defendant,

/s/Ambrose V. McCall
By One of Its Attorneys

Amanda Tzivas (ARDC # 6333484)
HINSHAW & CULBERTSON LLP
151 N. Franklin Street, Suite 2500
Chicago, IL 60606
Phone:  312-704-3003
Fax:  312-704-3001
Email:  atzivas@hinshawlaw.com

Ambrose V. McCall (ARDC # 6196898)
HINSHAW & CULBERTSON LLP
416 Main Street, Suite 529
Peoria, IL 61602
Phone:  309-674-1025
Fax:  309-674-9328
Email:  amccall@hinshawlaw.com

5

## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2026, I caused the foregoing Defendant OSF's Response to Plaintiffs' Motion for Special Pretrial Conference and to Expedite Trial [ECF #290] to be filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the FOLLOWING:

**Counsel for Plaintiffs:**
Aaron W. Rapier
Rapier Law Firm
1770 Park Street, Suite 200
Naperville, IL  60563
arapier@rapierlawfirm.com

**Additional Counsel for Plaintiffs:**
Julie Murphy
James Ormond
Heather VanVleet
Hart McLaughlin & Eldridge, LLC
1 South Dearborn, Suite 1400
Chicago, Illinois 60603
jmurphy@hmelegal.com
jormond@hmelegal.com
hvanvleet@hmelegal.com

**Counsel for Defendant Channing Petrak:**
John P. Heil, Jr.
Ashley Broadstone
Heyl, Royster, Voelker & Allen, P.C.
300 Hamilton Blvd., P.O. Box 6199
Peoria, IL  61602
jheil@heylroyster.com
abroadstone@heylroyster.com

**Counsel for Defendants Alissa Collins, Austin Haddock, Kimberly Taylor, Kimberly Wilson, Leandra Tate, Angelique Maxell, Raelyn Galassi, Lyndsay Horcharik, Anita Parker, and \*Jennifer Inness:**
Assistant Attorney General Kyrstin B. Beasley
Bernard James Slater, Jr.
Assistant Attorney's General
Office of the Illinois Attorney General
500 South Second Street
Springfield, IL  62701
kyrstin.beasley@ilag.gov
Bernard.slater@ilag.gov & gls@ilag.gov

/s/Ambrose V. McCall
Ambrose V. McCall (ARDC # 6196898)
HINSHAW & CULBERTSON LLP
416 Main Street, Suite 529
Peoria, IL 61602
Email:  amccall@hinshawlaw.com

6

1048558\328365201.v1